**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | XOG Services, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **81-0746915** |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **370  17th Street** | |
| Number        Street | Number        Street |
| **Suite 5300** | |
| | P.O. Box |
| **Denver,**        **Colorado**    **80202** | |
| City                State    Zip Code | City                State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Denver County** | |
| County | Number        Street |
| | |
| | City                State    Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | www.extractionog.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor      **XOG Services, LLC**               Case number *(if known)* _____
<br>Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br> **2111** |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 11. *Check all that apply:* <br><br> ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br> ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br><br> ☐ A plan is being filed with this petition. <br><br> ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br><br> ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br><br> ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |
| | ☐ Yes. District _____ When _____ Case number _____ <br> MM/DD/YYYY |
| If more than 2 cases, attach a separate list. | District _____ When _____ Case number _____ <br> MM/DD/YYYY |

Debtor      **XOG Services, LLC**                                          Case number *(if known)* _____
          <sub>Name</sub>

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor     **See Rider 1**                          Relationship    **Affiliate**

          District    **District of Delaware**

          Case number, if known _____    When    **06/14/2020**
                                                           MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other

**Where is the property?**

                        _____  _____
                        Number           Street

                        _____

                        _____  _____  _____
                        City             State            Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

         Contact name       _____

         Phone              _____

---

| Statistical and administrative information |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒  Funds will be available for distribution to unsecured creditors.
☐  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

[1]   The Debtors engage in the exploration, development, and production of oil and natural gas. Certain Debtors possess or operate certain real properties with existing contamination where remediation efforts are presently underway. Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property (including the aforementioned properties) that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | XOG Services, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**14. Estimated number of creditors²**

☐ 1-49  ☐ 1,000-5,000  ☒ 25,001-50,000
☐ 50-99  ☐ 5,001-10,000  ☐ 50,001-100,000
☐ 100-199  ☐ 10,001-25,000  ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/14/2020**
                MM/DD / YYYY

**✗** _(signature)_                                **Matthew R. Owens**
Signature of authorized representative of debtor    Printed name

Title    **President and Chief Executive Officer**

**18. Signature of attorney**

**✗**    **/s/ Marc R. Abrams**                Date    **06/14/2020**
Signature of attorney for debtor                        MM/DD/YYY

**Marc R. Abrams**
Printed name

**Whiteford, Taylor & Preston LLC**
Firm name

**405 North King Street, Suite 500**
Number                    Street

**Wilmington**                    **DE**        **19801-3700**
City                            State        ZIP Code

**(302) 353-4144**                **mabrams@wtplaw.com**
Contact phone                    Email address

**955**                    **Delaware**
Bar number                State

---

² The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:</td></tr>
<tr><td colspan="2" align="center">District of Delaware<br><em>(State)</em></td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter   11</td></tr>
</table>

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Extraction Oil & Gas, Inc.

- Extraction Oil & Gas, Inc.
- 7N, LLC
- 8 North, LLC
- Axis Exploration, LLC
- Extraction Finance Corp.
- Mountaintop Minerals, LLC
- Northwest Corridor Holdings, LLC
- Table Mountain Resources, LLC
- XOG Services, LLC
- XTR Midstream, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| XOG SERVICES, LLC, | ) | Case No. 20_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| XOG Services, LLC | Extraction Oil & Gas, Inc. | 370 17th Street Suite 5300 Denver, CO 80202 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| XOG SERVICES, LLC, | Case No. 20-_____(___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Extraction Oil & Gas, Inc. | 100% |

Fill in this information to identify the case:

Debtor name: <u>Extraction Oil & Gas, Inc. et al.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 2026 SENIOR NOTES (5.625%) WELLS FARGO BANK, NATIONAL ASSOCIATION 1445 ROSS AVENUE SUITE 4300 DALLAS, TX 75202 | ATTN: CORPORATE, MUNICIPAL AND ESCROW SERVICES TITLE: TRUSTEE PHONE: 605-575-6900 EMAIL: CHARLES.SCHARF@WELLSFARGO.COM FAX: 469-729-7638 | 2026 SENIOR NOTES (5.625%) | | | | $700,200,000 |
| 2 | 2024 SENIOR NOTES (7.375%) WELLS FARGO BANK, NATIONAL ASSOCIATION 1445 ROSS AVENUE SUITE 4300 DALLAS, TX 75202 | ATTN: CORPORATE, MUNICIPAL AND ESCROW SERVICES TITLE: TRUSTEE PHONE: 605-575-6900 EMAIL: CHARLES.SCHARF@WELLSFARGO.COM FAX: 469-729-7638 | 2024 SENIOR NOTES (7.375%) | | | | $400,000,000 |
| 3 | LIBERTY OILFIELD SERVICES 950 17TH STREET, FLOOR 24 DENVER, CO 80202 | ATTN: RON GUSEK TITLE: PRESIDENT PHONE: 720-583-6643 EMAIL: RON.GUSEK@LIBERTYFRAC.COM | TRADE PAYABLE | | | | $26,959,856 |
| 4 | KERR MCGEE GATHERING LLC KERR-MCGEE OIL AND GAS ONSHORE LP C/O OCCIDENTAL OIL AND GAS CORP 5 GREENWAY PLAZA, SUITE 110 HOUSTON, TX 77046 | ATTN: VICKI HOLLUB TITLE: CEO & PRESIDENT PHONE: 713-215-7000 EMAIL: VICKI_HOLLUB@OXY.COM | JIB PAYABLE | UNLIQUIDATED | | | AT LEAST $4,438,518 |
| 5 | ROCKY MOUNTAIN MIDSTREAM C/O WILLIAMS ONE WILLIAMS CENTER PO BOX 2400 TULSA, OK 74102-2400 | ATTN: ALAN S. ARMSTRONG TITLE: CEO & PRESIDENT PHONE: 918-574-9375 EMAIL: ALAN.ARMSTRONG@WILLIAMS.COM | GATHERING PAYABLE | UNLIQUIDATED | | | AT LEAST $3,750,000 |
| 6 | GRIZZLY PETROLEUM 5847 SAN FELIPE, SUITE 3000 HOUSTON, TX 77057 | ATTN: RYAN MIDGETT TITLE: CFO PHONE: 281-408-1467 EMAIL: RYAN.MIDGETT@GRIZZLYENERGYLLC.COM | JIB A/R CREDIT BALANCE | UNLIQUIDATED | | | $1,762,000 |
| 7 | FUNDTHROUGH USA INC 3730 KIRBY DR., #1200 HOUSTON, TX 77098 | ATTN: STEVEN USTER TITLE: CEO PHONE: 800-766-0460 EMAIL: STEVEN@FUNDTHROUGH.COM | TRADE PAYABLE | | | | $1,426,297 |
| 8 | BLACK LABEL SERVICES INC 629 GYRFALCON CT, STE A WINDSOR, CO 80550 | ATTN: DEAN RUCKER TITLE: CO-CEO PHONE: 970-833-5981 EMAIL: DRUCKER@BLSOIL.COM | TRADE PAYABLE | | | | $1,397,657 |
| 9 | USA COMPRESSION PARTNERS LP 111 CONGRESS AVENUE, SUITE 2400 AUSTIN, TX 78701 | ATTN: ERIC LONG TITLE: PRESIDENT & CHIEF EXECUTIVE OFFICER PHONE: 214-378-8651 EMAIL: ELONG@USACOMPRESSION.COM | TRADE PAYABLE | | | | $1,037,727 |
| 10 | RAISA II, LLC 1560 BROADWAY STREET, SUITE 2050 DENVER, CO 80202 | ATTN: LUIS A. RODRIGUEZ TITLE: CEO PHONE: 303-854-9141 EMAIL: LRODRIGUEZ@RAISAENERGY.COM | POST-CLOSE SETTLEMENT | UNLIQUIDATED | | | $966,175 |
| 11 | HALLIBURTON ENERGY SERVICES INC. 3000 N. SAM HOUSTON PKWY E. HOUSTON, TX 77032 | ATTN: JEFF MILLER TITLE: CEO & PRESIDENT PHONE: 281-870-4000 EMAIL: JEFF.MILLER@HALLIBURTON.COM | TRADE PAYABLE | | | | $893,054 |
| 12 | LASER OILFIELD SERVICES 2986 W 29TH ST. UNIT 12 GREELEY, CO 80631 | ATTN: RICK MILLER TITLE: PRESIDENT PHONE: 970-352-4444 EMAIL: NICOLE.HALLASEROILFIELD.COM | TRADE PAYABLE | | | | $832,782 |
| 13 | COMMERCIAL FUNDING INC 170 S. MAIN STREET, SUITE 700 SALT LAKE CITY, UT 84101 | ATTN: STEVE SALA TITLE: GM PHONE: 888-575-6501 EMAIL: SSALA@COMMERCIALFUND.COM | TRADE PAYABLE | | | | $784,507 |
| 14 | RED DEER IRONWORKS USA INC 6430 GOLDEN WEST AVENUE RED DEER, AB T4P 1A6 | ATTN: ED DELARONDE TITLE: PRESIDENT PHONE: 403-343-1141 EMAIL: EDELARONDE@RDIRONWORKS.COM | TRADE PAYABLE | | | | $725,176 |
| 15 | ENSIGN UNITED STATES DRILLING INC 1700 BROADWAY, SUITE 777 DENVER, CO 80290 | ATTN: R.H. (BOB) GEDDES TITLE: PRESIDENT & COO PHONE: 303-292-1206 EMAIL: BOB.GEDDES@ENSIGNENERGY.COM | TRADE PAYABLE | | | | $706,986 |

Debtor _____    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | APEX COMPANIES LLC<br>15850 CRABBS BRANCH WAY, SUITE 200<br>ROCKVILLE, MD 20855 | ATTN: BRIAN BURKE<br>TITLE: CFO<br>PHONE: 301-975-0200<br>EMAIL: BBURKE@APEXCOS.COM | TRADE PAYABLE | | | | $694,458 |
| 17 | PUMP MASTERS LLC<br>3801 CANAL DRIVE<br>FORT COLLINS, CO 80524 | ATTN: RYAN SHERMAN<br>TITLE: PRESIDENT<br>PHONE: 970-232-9189<br>EMAIL: RYAN@PUMP-MASTERS.COM | TRADE PAYABLE | | | | $636,789 |
| 18 | RIMROCK ROYALTIES<br>5956 SHERRY LANE, SUITE 825<br>DALLAS, TX 75225 | ATTN: MURRAY KARP<br>TITLE: CFO<br>PHONE: 970-397-6887<br>EMAIL: ACCOUNTING@RIMROCKENERGY.COM | GATHERING PAYABLE | UNLIQUIDATED | | | AT LEAST $600,000 |
| 19 | ELEMENT SERVICES LLC<br>123 9TH AVENUE<br>GREELEY, CO 80631 | ATTN: REILLY REED<br>TITLE: PRESIDENT<br>PHONE: 719-688-8114<br>EMAIL: REILLY_00@HOTMAIL.COM | TRADE PAYABLE | | | | $571,667 |
| 20 | INCEPTION LAW PLLC<br>C/O KEARNEY, MCWILLIAMS & DAVIS<br>55 WAUGH, SUITE 150<br>HOUSTON, TX 77007 | ATTN: SCOTT C. KEARNEY, J.D.<br>TITLE: MANAGING MEMBER<br>PHONE: 720-863-4012<br>EMAIL: SKEARNEY@KMD.LAW | TRADE PAYABLE | | | | $567,835 |
| 21 | ENSERVO CORPORATION<br>999 18TH ST.<br>SUITE 1925N<br>DENVER, CO 80202 | ATTN: IAN DICKINSON<br>TITLE: CEO & PRESIDENT<br>PHONE: 303-333-3678<br>EMAIL: IAN.DICKINSON@ENSERVCO.COM | TRADE PAYABLE | UNLIQUIDATED | | | $534,748 |
| 22 | RANGER ENERGY SERVICES LLC<br>800 GESSNER, SUITE 1000<br>HOUSTON, TX 77024 | ATTN: DARRON M. ANDERSON<br>TITLE: CEO<br>PHONE: 713-935-8900<br>EMAIL: DARRON.ANDERSON@RANGERENERGY.COM | TRADE PAYABLE | | | | $521,898 |
| 23 | 5280 S SERVICES<br>3801 CANAL DRIVE<br>FORT COLLINS, CO 80524 | ATTN: JESSE JIMENEZ<br>TITLE: OPERATION MANAGER<br>PHONE: 970-518-6487<br>EMAIL: JESSE@5280SSERVICES.COM | TRADE PAYABLE | | | | $513,759 |
| 24 | RICHMARK ENERGY PARTNERS<br>5200 W. 20TH STREET<br>GREELEY, CO 80634 | ATTN: JEANIE FOSTER<br>TITLE: CONTROLLER<br>PHONE: 970-352-9446<br>EMAIL: JEANIE@RICHMARK.CO.ZA | SURFACE USE PAYABLE | UNLIQUIDATED | | | AT LEAST $500,000 |
| 25 | THRU TUBING SOLUTIONS INC<br>11515 S. PORTLAND AVE.<br>OKLAHOMA CITY, OK 73170 | ATTN: ANDY FERGUSON<br>TITLE: PRESIDENT<br>PHONE: 405-692-1900<br>EMAIL: AFERGUSON@THRUTUBING.COM | TRADE PAYABLE | | | | $499,398 |
| 26 | CROSSENERGY INC<br>1399 WATER VALLEY PARKWAY<br>SUITE 300<br>WINDSOR, CO 80550 | ATTN: RUDY GARDEA<br>TITLE: PRESIDENT<br>PHONE: 930-732-0455<br>EMAIL: OFFICE@CROSSENERGY.CO | TRADE PAYABLE | | | | $448,246 |
| 27 | RPS MC LLC<br>801 A LOUGH DRIVE<br>RIVERTON, WY 82501 | ATTN: BETH ASAY<br>TITLE: CONTROLLER<br>PHONE: 970-523-1507<br>EMAIL: BASAY@RPSERVICES.BIZ<br>FAX: 970-523-0297 | TRADE PAYABLE | | | | $436,496 |
| 28 | PATTERSON UTI DRILLING COMPANY LLC<br>10713 WEST SAM HOUSTON PARKWAY NORTH<br>SUITE 800<br>HOUSTON, TX 77064 | ATTN: WILLIAM A. (ANDY) HENDRICKS, JR.<br>TITLE: CEO & PRESIDENT<br>PHONE: 281-765-7100<br>EMAIL: ANDY.HENDRICKS@PATENERGY.COM<br>FAX: 281-765-7175 | TRADE PAYABLE | | | | $424,401 |
| 29 | NATIONAL OILWELL VARCO LP<br>7909 PARKWOOD CIR DR<br>HOUSTON, TX 77036 | ATTN: CLAY WILLIAMS<br>TITLE: CEO & PRESIDENT<br>PHONE: 713-346-7606<br>EMAIL: CLAY.WILLIAMS@NOV.COM | TRADE PAYABLE | | | | $410,033 |
| 30 | MERCURIA<br>20 EAST GREENWAY PLAZA, SUITE 650<br>HOUSTON, TX 77046 | ATTN: SCOTT PLEUS<br>TITLE: COO<br>PHONE: 832-209-2400<br>EMAIL: SCOTTPLEUS@MERCURIA.COM | DERIVATIVE LIABILITY | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| XOG SERVICES, LLC, | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CERTIFICATION OF CREDITOR MATRIX**</u>

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "<u>Debtors</u>")[4] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[4]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Extraction Oil & Gas, Inc. (3923); 7N, LLC (4912); 8 North, LLC (0904); Axis Exploration, LLC (8170); Extraction Finance Corp. (7117); Mountaintop Minerals, LLC (7256); Northwest Corridor Holdings, LLC (9353); Table Mountain Resources, LLC (5070); XOG Services, LLC (6915); and XTR Midstream, LLC (5624). The location of the Debtors' principal place of business is 370 17th Street, Suite 5300, Denver, Colorado 80202.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | XOG Services, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration    **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/14/2020** | ☒ |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Matthew R. Owens** |
| | Printed name |
| | **President and Chief Executive Officer** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## SECRETARY CERTIFICATE

June 14, 2020

The undersigned, Eric J. Christ, as the secretary or the authorized signatory, as applicable, of, Extraction Oil & Gas, Inc., 7N, LLC, 8 North, LLC, Axis Exploration, LLC, Extraction Finance Corp., Mountaintop Minerals, LLC, Northwest Corridor Holdings, LLC, Table Mountain Resources, LLC, XOG Services, LLC, and XTR Midstream, LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board") duly adopted at a properly convened and joint meeting of the Board of June 14, 2020, in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

Extraction Oil & Gas, Inc.
7N, LLC
8 North, LLC
Axis Exploration, LLC
Extraction Finance Corp.
Mountaintop Minerals, LLC
Northwest Corridor Holdings, LLC
Table Mountain Resources, LLC
XOG Services, LLC
XTR Midstream, LLC

By: _____
Name: Eric J. Christ
Title:   Authorized Signatory

*[Signature Page to Secretary Certificate]*

## RESOLUTIONS OF EXTRACTION OIL & GAS, INC.
## JUNE 14, 2020

**WHEREAS**, pursuant to the bylaws, limited liability company agreement, or similar governing document (in each case, as amended or amended and restated, the "<u>Governing Documents</u>") of each entity listed in **Annex I** hereto (each, a "<u>Company</u>" and, collectively, the "<u>Company Group</u>"), the Board of Directors (the "<u>Board</u>") of Extraction Oil & Gas, Inc. (the "<u>Parent</u>") has the authority, directly, in the case of the Parent, or by causing the Parent to act as sole Member (as such term is defined in the applicable Governing Document) or sole stockholder, as applicable (such capacity, the "<u>Applicable Capacity</u>"), to manage the business and affairs of each Company in the Applicable Capacity;

**WHEREAS**, the Board has considered certain materials presented by each Company's management and financial, restructuring, and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of each Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on each Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, the Board has had the opportunity to consult with each Company's management and the financial, restructuring, and legal advisors and consider each of the strategic alternatives available to each Company;

**WHEREAS**, to more efficiently explore all possibilities and ensure appropriate arm's length in the negotiations of any and all transactions, the Board has previously established a special committee of the Board (the "<u>Restructuring Committee</u>") composed of Audrey Robertson (Chair), Wayne Murdy, Pat O'Brien, and John Gaensbauer, and empowered and authorized the Restructuring Committee to act on behalf of and exercise the powers of the Board regarding certain matters described herein;

**WHEREAS**, the Restructuring Committee has determined that it is in the best interest of each Company, their creditors and other parties in interest to authorize each Company to enter into that certain Restructuring Support Agreement (the "<u>Restructuring Support Agreement</u>") by and among each of the Companies, certain of their affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Restructuring Committee on or in advance of the date hereof;

**WHEREAS**, reference is made to that certain Superpriority Senior Secured Debtor-In-Possession Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreement</u>") dated as of, or about, the date hereof, by and among Parent, as the borrower (the "<u>Borrower</u>") and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code on substantially similar terms as that certain Extraction Oil & Gas, Inc. Non-Binding Debtor-in-Possession DIP Financing Term Sheet and in accordance with that certain $50,000,000 Superpriority Senior Secured Debtor-in- Possession Multi-Draw Term Loan Facility Commitment Letter, certain Companies as guarantors and as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code, Wells Fargo Bank, National Association as administrative agent (the

"DIP Agent"), the lenders from time to time party thereto (collectively, the "DIP Lenders"), and the other agents referred to therein;

**WHEREAS**, the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession multi-draw term loan credit facility to the Borrower, a portion of which shall be used to roll up revolving credit exposure of the DIP Lenders under the Prepetition Credit Agreement (as defined in the DIP Credit Agreement);

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Borrower entering into the DIP Credit Agreement and the Borrower and the other members of the Company Group satisfying certain conditions in the DIP Credit Agreement, as applicable;

**WHEREAS**, the Restructuring Committee has determined that the Borrower will obtain benefits from the DIP Credit Agreement and that it is advisable and in the best interests of each Company, its creditors, and other parties in interest that the Borrower enters into the DIP Credit Agreement and performs its obligations thereunder; and

**WHEREAS**, the Restructuring Committee has determined that the Borrower will obtain benefits from the other Loan Documents (as defined in the DIP Credit Agreement, the "DIP Loan Documents") and that it is advisable and in the best interest of each Company, its creditors, and other parties in interest that each Company enter into each DIP Loan Document to which it is a party and perform its obligations thereunder, including guaranteeing the obligations of the Borrower under the Loan Documents and granting security interests in all or substantially all of its assets.

## I. CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**RESOLVED**, that each Company's officers (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financial statements) as necessary to commence the Chapter 11 Cases, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business; and

## II. RETENTION OF PROFESSIONALS; RESTRUCTURING SUPPORT AGREEMENT; DEBTOR-IN-POSSESSION FINANCING

**FURTHER RESOLVED**, that in the judgment of the Restructuring Committee, it is desirable and in the best interests of each Company that each of the Authorized Persons be, and

hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP ("Kirkland"), as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Company; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ the firm of Whiteford Taylor Preston, LLP ("WTP"), as co-bankruptcy counsel; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain WTP in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal North America, LLC ("Alvarez"), as restructuring advisor; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ the firm of Moelis & Company ("Moelis"), as investment banker and financial advisor; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Moelis in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ the firm of Petrie Partners Securities, LLC ("Petrie"), as investment banker and financial advisor; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Petrie in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC"), as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KCC in accordance with applicable law;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such cases;

**RESOLVED**, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized and empowered to enter into the Restructuring Support Agreement on behalf of each Company, as applicable, in each case, in the form or substantially in the form thereof submitted to the Restructuring Committee, with such changes, additions and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**RESOLVED**, that each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments and other documents in furtherance of the Restructuring Support Agreement, in the form or substantially in the form thereof submitted to the Restructuring Committee, with such changes, additions and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company, to execute and deliver any documents or to take other actions which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement and each other DIP Loan Document, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder) and each other DIP Loan Document, the transactions contemplated therein, and the guarantees, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be and hereby are authorized, adopted, and approved;

**RESOLVED**, that the Borrower's execution and delivery of, and the performance of its obligations (including guarantees) in connection with, the DIP Credit Agreement and the other

DIP Loan Documents, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Persons, is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform under the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, security agreements, pledge agreements, guarantees, mortgages, deeds of trust and any amendment or any other modification of any of the foregoing (collectively, the "Related Documents") required to consummate the transactions contemplated by the DIP Credit Agreement and any other DIP Loan Document in the name and on behalf of the Borrower, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Persons may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof.  Such execution by any of the Authorized Persons is hereby authorized to be by facsimile, emailed, engraved, or printed as deemed necessary and preferable;

**RESOLVED,** that each of the Authorized Persons, acting alone or with one or more Authorized Persons, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, the Borrower to seek authorization to enter into the DIP Credit Agreement and each other DIP Loan Document and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver or cause to be delivered, and to cause the performance of, any swap agreement, and any other commodity, interest rate, foreign exchange or currency exchange agreement, or other hedging agreement or arrangement, and any and all transactions of any kind and the related confirmations, which are subject to the terms and conditions of, or governed by, any form of master agreement published by the International Swaps and Derivatives Association, Inc., any Foreign Exchange Master Agreement or any other master agreement, and any and all agreements, instruments, or documents, by or on behalf of the Borrower, necessary to implement the postpetition financing, including providing for adequate protection in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and each other DIP Loan Document and the use of cash collateral in connection with the Company Group's Chapter 11 Cases, which agreements may require the Borrower to grant adequate protection and liens to the Borrower's DIP Lenders and other lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Borrower pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof by such Authorized Person or that such Authorized Person deemed such standard to be met;

**RESOLVED,** that (i) the form, terms, and provisions of the DIP Credit Agreement and all other DIP Loan Documents to which any Company is a party, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by any Company as collateral (including pledges of equity, real property and personal property as collateral) under the DIP Loan Documents, and (iii) the guarantee of the Borrower's obligations by any Company under the DIP Loan Documents, from which the Borrower will derive value, in each case, be and hereby are, authorized, adopted, and approved, and any Authorized Person or other officer of any Company is hereby authorized, empowered, and directed, in the name of and on behalf of the Borrower or such other Company, to take such actions and negotiate or cause to

be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Restructuring Committee, the DIP Loan Documents and such other agreements, fee letters, commitment letters, certificates, instruments, receipts, petitions, motions, or other papers or documents to which any Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the other DIP Loan Documents and the Related Documents, the "<u>Financing Documents</u>"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve;

**RESOLVED**, that the Borrower, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "<u>Financing Transactions</u>"), including granting liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Prepetition Credit Agreement (as defined in the DIP Credit Agreement);

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Borrower as debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) merchant card services, purchase or debit cards, including non-card e-payable services; (c) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (d) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (e) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Borrower, as debtor and debtors in possession, to file or to authorize the DIP Agent to file any Uniform Commercial Code ("<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Borrower that either DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company Group and such other filings in respect of intellectual and other property of the Company Group, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents;

6

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company Group to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company Group in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company Group's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company Group, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof;

**RESOLVED**, that to the extent that any Company serves as the sole member, general partner, managing member, equivalent manager, or other governing body of any limited liability company, corporation or partnership (each such entity, a "Controlled Company"), each Authorized Person, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlled Company;

## III. GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company Group, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or Authorized Persons' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each of the Authorized Persons be, and hereby is, authorized and empowered to take or cause to be taken in the name and on behalf of the Company Group, any all such other and further action to carry out the intent and accomplish the purposes of the resolutions adopted herein as such purposes related to the Company Group;

**RESOLVED**, that the Company Group, the Restructuring Committee and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company Group, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company Group with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board or Restructuring Committee, as applicable; and

**RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company Group, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Person shall deem necessary or desirable in such Authorized Person's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

* * * * *

**Annex I**

**Company Group**

| Company | Jurisdiction |
|---|---|
| Extraction Oil & Gas, Inc. | Delaware |
| Mountaintop Minerals, LLC | Delaware |
| Table Mountain Resources, LLC | Delaware |
| Extraction Finance Corp. | Delaware |
| XTR Midstream, LLC | Delaware |
| 7N, LLC | Delaware |
| 8 North, LLC | Delaware |
| Axis Exploration, LLC | Delaware |
| XOG Services, LLC | Delaware |
| Northwest Corridor Holdings, LLC | Delaware |